NEBRASKA MERCANTILE MUTUAL INSURANCE COMPANY V.
WILBER W. MYERS.

FILED APRIL 18, 1906. No. 14,207.

Instructions: PREPONDERANCE OF EVIDENCE. A preponderance of the evidence is all that is required to establish a disputed fact in a civil action, and an instruction which informs the jury that, if upon any reasonable hypothesis a fact can be accounted for upon any other theory than a dishonest one, they should so find, is a violation of that rule, and in this case reversible error.

ERROR to the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed with directions.*

*E. M. Coffin, E. J. Clements, M. W. McGan* and *A. E. Garten,* for plaintiff in error.

*H. C. Vail* and *J. S. Armstrong, contra.*

JACKSON, C.

This is a proceeding to reverse the judgment of the trial court rendered in an action on a fire insurance policy. Two defenses were tendered by the answer: First, that when the policy was applied for the insured represented that the property was unincumbered, while in fact it was incumbered by a chattel mortgage securing an indebtedness of $2,200, and that by the terms of the contract such misrepresentation rendered the policy void; and, second, that the fire was caused by the wilful, intentional and wrongful act of the insured. By the reply it was admitted that the representation as to the incumbrance on the property was made, but denied that the representation was false; and, pleading to the charge that the fire was caused by his wilful, intentional and wrongful act, the allegation is: "Plaintiff denies that the fire which destroyed all the property described in the plaintiff's petition, which was destroyed, was caused by the wilful, intentional or wrongful act of the plaintiff." The trial resulted in a verdict and judgment for the plaintiff.

The property destroyed was a livery barn (on leased ground), two stallions, other horses, and such property as is usually kept in a livery barn. It appears that the plaintiff purchased the barn of one Culver in the latter part of March, 1902; that on the 2d day of that month Culver gave a chattel mortgage to the First National Bank of Albion, securing an indebtedness to that bank upon the property sold to the plaintiff, and other property retained by him. The mortgage was not of record at

the time of the sale.    Soon afterwards, however, the bank
placed the mortgage on file.    After the existence of the
mortgage had been established at the trial, the cashier of
the bank was called as a witness on behalf of the plain-
tiff, and testified that immediately after the mortgage was
filed the plaintiff came in and objected to their holding the
mortgage on the barn, as he had purchased it and paid
for it, and they told him that they didn't wish to cancel
the mortgage because it covered other property they
wished to hold; that they had no lien on the barn
and didn't care to hold a lien on it; that after some
other talk the plaintiff said he was satisfied, and he
would come in later with Culver, and he stated it as
his recollection that the plaintiff required a bond from
Culver to hold him harmless.    Under this state of
facts, we think the jury were justified in finding that the
insurance company was not prejudiced by the represen-
tations of the insured at the time he applied for the policy.
The plaintiff had a right to rely upon the statement of the
officers of the bank that they claimed no lien on the barn,
in view of the fact that the mortgage was not of record
when he procured the title.

It is urged, however, that the denial of the charge that
the fire was caused by the wilful, intentional and wrong-
ful act of the insured amounted to an admission that
the insured caused the fire, and that the denial was only
as to the purpose and intent; that evidence was intro-
duced tending to show that the circumstances under which
the fire occurred pointed to the plaintiff as having set the
fire purposely.    The plaintiff testified in his own behalf
that he did not set the fire, and after the verdict of the
jury had been returned the defendant presented a motion
for a judgment notwithstanding the verdict.    While that
motion was pending, the plaintiff asked leave of the court
to amend his reply by alleging that the fire was not caused
by any act of the plaintiff.    This application was denied;
the motion for a judgment notwithstanding the verdict
overruled and judgment entered on the verdict.    That the

pleading is susceptible of the construction placed upon it by the defendant is doubtless true, but the trial court might reasonably, within the exercise of a sound discretion, have permitted the amendment to be made. We have concluded that the judgment must be reversed for other reasons, and think that before the case again proceeds to trial the amendment suggested ought to be allowed.

The court instructed the jury: "You are instructed that the law presumes every one to be honest and upright in all their transactions until the contrary be proved, and so in every case you should endeavor to reconcile the facts with such theory, if it can be reasonably done; and in considering evidence, if upon any reasonable hypothesis a fact can be accounted for upon any other theory than a dishonest one, you should so find." To the giving of this instruction the defendant excepted, and now insists that it was prejudicial error. We think that the objection to the instruction was well taken. All that the law requires in a civil action is that a disputed fact be established by a preponderance of the evidence. The language employed would be appropriate to an instruction in a criminal case, where the jury is required, before conviction, to be satisfied to the exclusion of every reasonable doubt; but the doctrine of reasonable doubt does not enter into the trial of a civil action. This instruction was doubtless intended to apply to the charge that the fire was caused by the wilful, intentional and wrongful act of the insured, and the jury might well infer that they were justified in finding that the fire was not so caused, if the fire could be explained upon any other reasonable hypothesis. Such is not the law in civil actions.

We recommend that the judgment of the district court be reversed and that the cause be remanded for a new trial, with instructions to permit the amendment to the reply requested by the plaintiff.

Albert, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial, with instructions to permit the amendment to the reply requested by the plaintiff.

REVERSED.